IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NOVEX BIOTECH, LLC,<br><br>Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>CHROMADEX, INC.,<br><br>Defendant and Counterclaimant. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No. 2:19-cv-00271-JNP-PMW<br><br>District Judge Jill N. Parrish<br>Chief Magistrate Judge Paul M. Warner |

District Judge Jill N. Parrish referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiff Novex Biotech, LLC's ("Plaintiff") Short Form Discovery Motion for Protective Order to Maintain "Attorney Eyes Only" Designation of Produced Documents ("Motion").[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the Motion on the basis of the written memoranda. *See* DUCivR 7-1(f). For the following reasons, Plaintiff's Motion is GRANTED.

## BACKGROUND

Plaintiff and Defendant ChromoDex, Inc. ("Defendant") both sell dietary supplements.[3] Plaintiff sells Oxydrene Elite ("Oxydrene") and Defendant sells Tru Niagen.[4] In general, both

---

[1] *See* docket no. 25.
[2] *See* docket no. 36.
[3] *See* docket nos. 12-1 and 26.
[4] *See id*.

products claim to, *inter alia*, enhance energy and physical performance.[5] Plaintiff contends that Defendant, a direct competitor of Plaintiff, made false, misleading statements about Tru Niagen in its advertisements which diverted sales from Oxydrene and created an unfair advantage.[6] Plaintiff filed suit against Defendant for false advertising and unfair competition under the Lanham Act,[7] and Defendant filed counterclaims for false advertising under the Lanham Act and state law, and unfair competition under state law.[8]

Plaintiff produced certain discovery documents to Defendant marked as "Attorneys Eyes Only" ("AEO") under the terms of the Standard Protective Order ("SPO") entered in this case.[9] Defendant asked Plaintiff to remove the AEO designation from documents produced in discovery, specifically NOVEX00425 thru 1067.[10] In response, Plaintiff filed the instant Motion to retain the AEO designation. Plaintiff asserts the documents are properly designated as AEO pursuant to the SPO because they contain competitive business and product information not generally known within the industry to which disclosure could impact its competitive position in the marketplace.[11]

Defendant maintains the AEO designation should be removed because the documents consist of journals, articles, textbook chapters, and governments reports that are readily available to the public.[12] Defendant argues the AEO designation "hampers [it]s ability to

---

[5] *See id.*
[6] *See* docket 12-1.
[7] *See id.*
[8] *See* docket no. 26.
[9] The District of Utah adopted a SPO to help move cases toward resolution. *See* DUCivR 26-2. The SPO is available on the court's forms page at http://www.utd.uscourts.gov/usdc-forms.
[10] *See* docket no. 36.
[11] *See id*.
[12] *See* docket no. 39.

prepare and litigate the case"[13] because counsel is unable to "share[] the documents with in-house scientific experts."[14]

## **DISCUSSION**

The Motion before the court relates to discovery. "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

The SPO sets forth certain designations for categories of information and documents to help facilitate discovery. The AEO designation may only be used for the following types of past, current, or future protected information:

> (1) sensitive technical information, including current research, development and manufacturing information and patent prosecution information, (2) sensitive business information, including highly sensitive financial or marketing information and the identity of suppliers, distributors and potential or actual customers, (3) competitive technical information, including technical analyses or comparisons of competitor's products, (4) competitive business information, including non-public financial or marketing analyses or comparisons of competitor's products and strategic product planning, or (5) any other PROTECTED INFORMATION the disclosure of which to non-qualified people subject to this Standard Protective Order the producing party reasonably and in good faith believes would likely cause harm.[15]

The producing party has the burden of proving the designation is proper. *See* SPO § 9(c). Thus, the burden is on Plaintiff to maintain the AEO designation of the documents presently at issue. "The court must balance the need for trade secrets against the claim of injury

---

[13] *Id.* at 3.
[14] *Id.* at 1.
[15] District of Utah SPO § 2(b).

resulting from disclosure." *Centurion Indus., Inc. v. Warren Steurer & Assocs.,* 665 F.2d 323, 326 (10th Cir. 1981). It is within the sound discretion of the court to decide if the information sought is relevant and necessary, and whether the need outweighs the harm of disclosure. *See id*. Likewise, if the information is deemed relevant and necessary, the appropriate safeguards that should attend their disclosure by means of the protective order are also a matter within the court's discretion. *See id*.

The documents Plaintiff seeks to remain designated as AEO consist of all the studies and publications that make up the claim substantiation file for Oxydrene.[16] A claim substantiation file is the collection of materials used by a company to support and validate claims made about its product on its label and in advertising materials.[17] Plaintiff avers that, although the studies and publications are in the public domain, "the compilation of those specific studies, and their support of Oxydrene, is not public information."[18]

While, in general, matters of public knowledge cannot be categorized as confidential, a compilation of public information which incorporates the information in a unique way is, nonetheless, protectable information. *See Computer Care v. Serv. Sys. Enters., Inc.*, 982 F.2d 1063, 1074 (7th Cir. 1992) ("A trade secret can exist in a combination of characteristics and components, each of which, by itself, is in the public domain, but the unified process design and operation of which in unique combination affords a competitive advantage."); *see also Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 583–84 (5th Cir. 2013);

---

[16] *See* docket nos. 36 and 36-1.
[17] *See* docket no. 36-1.
[18] Docket no. 36 at 2.

4

*Anacomp, Inc. v. Shell Knob Servs., Inc.*, No. 93 CIV. 4003 (PKL), 1994 WL 9681, at *8 (S.D.N.Y. Jan. 10, 1994).

Plaintiff presents compelling evidence suggesting that the documents sought are compiled and distilled in a unique manner not known to the industry, rendering them highly sensitive business and marketing information that warrants protection from disclosure. In her affidavit, Amy L. Heaton, Director of Scientific Affairs for Novex, attests Plaintiff "spent years and hundreds of thousands of dollars compiling the studies, identifying proper dosages, and finding sources of specific ingredients used in the studies to formulate the product."[19] The knowledge from these "facially unrelated" publications was innovatively combined and distilled to create a unique product formula.[20] Heaton's statements that no competitors' products are formulated in a similar way supports the position that the information at issue is not generally known throughout the industry and is a source of Oxydrene's competitive advantage.

Conversely, Defendant has not shown the information is relevant or necessary to the action. Defendant states, in a conclusory fashion, that counsel's ability to litigate the case is harmed by not being able to share the documents with in-house scientific experts.[21] However, Defendant does not claim its attorneys require assistance in understanding the materials, nor does Defendant address the potential damage to Plaintiff if sensitive competitive information is shared with Defendant or how its need to have in-house scientists gain access to the information outweighs the risk to Plaintiff. Defendant also does not allege its in-house scientists will act as expert witnesses in the case and need to see the material to either prepare expert reports or

---

[19] Docket no. 36-1 at ¶ 4.
[20] *Id.*
[21] *See* docket no. 39.

testimony. Rather, it appears Defendant is attempting to do indirectly what it cannot do directly. Accordingly, Defendant's request to remove the AEO designation is denied.

## **CONCLUSION AND ORDER**

Based on the foregoing, Plaintiff presents good cause to support a designation of documents NOVEX00425 thru NOVEX01067 as AEO, which shall remain in place pursuant to the terms of the SPO. Plaintiff's Motion[22] is GRANTED.

**IT IS SO ORDERED.**

DATED this 18th day of December, 2019.

BY THE COURT:

_____
Paul M. Warner
Chief United States Magistrate Judge

---

[22] *See* docket no. 36.